[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 19, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15000
Non-Argument Calendar

_____

D. C. Docket No. 05-01092-CV-LSC-S

ALFRED ROBINSON,

Plaintiff-Appellant,

versus

LAFARGE NORTH AMERICA, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(June 19, 2007)**

Before BLACK, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Alfred Robinson appeals the district court's grant of summary judgment in

favor of LaFarge North America ("LaFarge") in his employment discrimination action, brought pursuant to the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, and 42 U.S.C. § 1981.[1] For the reasons that follow, we affirm.

## I. Background

Robinson, a black male, worked for LaFarge and its predecessor. In 2001 and 2003, he filed grievances alleging discriminatory treatment; the allegations were determined to be unfounded. In early 2004, he applied for a promotion to one of three open leadman positions. He was the only black employee to apply for the positions, but LaFarge filled the positions with three white employees. Robinson filed a grievance in May 2004, which was denied. In June 2004, Robinson was suspended after LaFarge investigated damage to his equipment and determined it to be the result of intentional misconduct. He was then demoted and his pay was reduced. In May 2005, Robinson filed the instant complaint, alleging that he was discriminated against when LaFarge failed to promote him and when it disciplined him, he suffered retaliation for the complaints he filed after the discrimination, and he suffered a racially hostile environment. Robinson, however, continued to work for LaFarge. In September 2005, while the complaint was pending, he overheard another employee make a joke about a monkey, which he perceived to be racist.

---

[1] Both Title VII and § 1981 have the same requirements of proof and present the same analytical framework. Standard v. A.B.E.L. Services, 161 F.3d 1318, 1330 (11th Cir. 1998).

He filed a grievance, which was determined to be unfounded. In January 2006, Robinson found some graffiti using the letters "KKK" in the restroom. He considered the graffiti racist, but did not report it to LaFarge.

The district court granted summary judgment in favor of LaFarge. Addressing the hostile environment claim, the court found that the alleged conduct was not frequent, severe, or pervasive. With respect to the discrimination in promotion, the court concluded that Robinson had established a prima facie case, but that LaFarge had offered a legitimate non-discriminatory reason for its decision, which Robinson could not show was pretextual. The court found that Robinson had not shown that he was more qualified than the employees selected, or that no reasonable person would have chosen the other candidates over him. Addressing the discrimination in discipline, the court found that Robinson could not establish a prima face case because he could not identify any employee whose conduct was nearly identical and who was treated more favorably. With respect to the retaliation claim, the court determined that there was no causal connection between the grievance and the failure to promote because the four-month gap was too long. As to the disciplinary action, the court found that Robinson could meet the prima facie case, but that he could not show any pretext, as LaFarge acted under a good faith belief that Robinson intentionally damaged the equipment.

3

Robinson now appeals.

## II. Discussion

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the party opposing the motion. Skrtich v. Thorton, 280 F.3d 1295, 1299 (11th Cir. 2002).

Because Robinson relies on circumstantial evidence, we analyze the claim under the McDonnell Douglas framework, which requires the plaintiff to create an inference of discrimination through his prima facie case. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Once the plaintiff has made out the elements of the prima facie case, the burden shifts to the employer to articulate a non-discriminatory basis for its employment action. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). If the employer meets this burden, the plaintiff must show that the proffered reasons were pretextual. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 511, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

A. Failure to Promote[2]

---

[2] With respect to the failure to promote, Robinson filed grievances in 2001 and 2003. He was denied the promotion in 2004. The court concluded that there was no causal connection between the grievances and the promotion decision. Robinson does not challenge the district court's findings on this issue, and, therefore, he has abandoned it. Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998).

4

In order to establish a prima facie case on the basis of failure to promote, Robinson must demonstrate that: (i) he belonged to a protected class; (ii) he was qualified for and applied for a position; (iii) despite qualifications, he was rejected; and (iv) the position was filled with an individual outside the protected class. McDonnell Douglas Corp., 411 U.S. at 802; Vessels v. Atlanta Independent Sch. Sys., 408 F.3d 763, 768 (11th Cir. 2005).

We agree with the district court that Robinson established a prima facie case. LaFarge, however, presented legitimate, non-discriminatory reasons for its decisions by showing that it promoted the other candidates because they had more experience, had better leadership skills and experience, and performed better in the interviews.

The burden then shifted to Robinson to show that these reasons were pretextual by revealing "such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." Cooper v. Southern Co., 390 F.3d 695, 725 (11th Cir. 2004), cert. denied, 126 S.Ct. 478 (2005). A reason is not pretext for discrimination "unless it is shown both that the reason was false, and that discrimination was the real reason." Brooks v. County Comm'n of Jefferson County, 446 F.3d 1160, 1163 (11th Cir. 2006)

5

(quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993)).  In the context of a promotion:

> a plaintiff cannot prove pretext by simply arguing or even by showing that he was better qualified than the officer who received the position he coveted. A plaintiff must show not merely that the defendant's employment decisions were mistaken but that they were in fact motivated by race.

Id. (citing Alexander v. Fulton County, 207 F.3d 1303, 1339 (11th Cir. 2000)).

Additionally, a plaintiff must show that the disparities between the successful applicant's and his own qualifications were "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff."  Cooper, 390 F.3d at 732 (citation omitted); see also Ash v. Tyson Foods, Inc., 546 U.S. 454, 126 S.Ct. 1195, 1197, 163 L.Ed.2d 1053 (2006) (approving of this language from Cooper).

The only evidence Robinson put forth was his own testimony that he was more qualified.  Robinson, however, stated in his deposition that he was unable to perform all tasks in the quarry, which LaFarge considered an important quality in the leadman position.  Thus, Robinson did not meet his burden.

## B.   Discriminatory Demotion

For Robinson to establish racial discrimination in the application of discipline, he must show that "he engaged in misconduct similar to that of a person

6

outside the protected class, and that the disciplinary measures enforced against him were more severe than those enforced against the other persons who engaged in similar misconduct." Jones v. Gerwens, 874 F.2d 1534, 1540 (11th Cir. 1989). A plaintiff is similarly situated to another employee only if "the quantity and quality of the comparator's misconduct [are] nearly identical." Burke-Fowler v. Orange County, Fla., 447 F.3d 1319, 1323 (11th Cir. 2006) (citing Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999)) (internal quotations omitted).

We conclude that Robinson was not similarly situated with the other identified employees, as the other employees were not engaged in nearly identical conduct. Moreover, LaFarge acted under the good faith belief that Robinson's misconduct had been intentional, whereas the other employees's actions had been accidental. See Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir. 1991) (explaining that "if the employer fired an employee because it honestly believed that the employee had violated a company policy, even if it was mistaken in such belief, the discharge is not 'because of race'"). Accordingly, Robinson has not met his burden.

### C.   Retaliatory Demotion

To establish a prima facie case of retaliation, a plaintiff must prove that (1) he participated in a protected activity; (2) he suffered a materially adverse

7

employment action; and (3) there was a causal connection between the participation in the protected activity and the adverse employment decision. Burlington N. & Santa Fe Ry. Co. v. White, 126 S.Ct. 2405 (2006). Although temporal proximity between the protected activity and the adverse employment action may be sufficient to create an inference of causation, "gaps of time, standing alone, do not preclude a plaintiff from producing enough evidence for a reasonable jury to conclude that protected speech was a substantial factor in the [adverse employment decision]." See Stanley v. City of Dalton, Ga., 219 F.3d 1280, 1291 (11th Cir. 2000).

With respect to the demotion, we first note that, contrary to LaFarge's claims, Robinson sufficiently raised the issue in his complaint by alleging that he had been wrongfully demoted and suffered adverse employment actions in retaliation for his grievances. Moreover, Robinson established a prima facie case, as the demotion occurred only about two months after he filed a grievance. Stanley, 219 F.3d at 1291. Nevertheless, Robinson cannot show that LaFarge's reasons for demoting him were a pretext for discrimination. LaFarge conducted an investigation after Robinson's equipment was damaged during his shift and learned from witnesses that it appeared Robinson acted deliberately and caused the damage. Based on this information, LaFarge demoted Robinson. Robinson has

offered no evidence to establish that this reason was a pretext for discrimination. See Elrod, 939 F.3d at 1470.

### D. Hostile Environment

To establish a hostile work environment claim, Robinson must show: (1) he belongs to a protected group; (2) he has been subject to unwelcome harassment; (3) the harassment has been based on a protected characteristic, such as race; (4) the harassment is sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive work environment; and (5) the employer is responsible for such environment under a theory of vicarious liability or a theory of direct liability. Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002). The requirement that the harassment be severe or pervasive contains an objective and subjective component. Id. at 1276. "Thus, to be actionable, this behavior must result in both an environment that a reasonable person would find hostile or abusive and an environment that the victim subjectively perceives to be abusive." Id. (internal quotations omitted).

In evaluating the objective severity of the harassment, we consider (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonable interferes with the employee's job

9

performance.  Miller, 277 F.3d at 1276.  "Although we examine the statements and conduct complained of collectively to determine whether they were sufficiently pervasive or severe to constitute [racial] harassment, the statements and conduct must be of a [racial] nature . . . before they are considered in determining whether the severe or pervasive requirement is met."  Gupta v. Florida Board of Regents 212 F.3d 571, 583 (11th Cir. 2000).  "Innocuous statements or conduct, or boorish ones that do not relate to the [race] of the actor or of the offended party (the plaintiff), are not counted."  Id.  Additionally, teasing, offhand comments, and isolated incidents (unless extreme) will not amount to discriminatory changes in the terms and conditions of employment.  Mendoza v. Borders, Inc., 195 F.3d 1238, 1245 (11th Cir. 1999) (en banc).

Here, Robinson focused on two incidents directed at him – the monkey joke and the graffiti on the bathroom wall.  Importantly, these two incidents occurred after Robinson filed his complaint, and therefore, would not form the basis of a hostile environment claim.  He also identified other statements, which were not made in his presence, were not directed at him, and which occurred several years earlier.  These incidents also do not form the basis of a harassment case, as they are inadmissible double hearsay, which we do not consider as probative evidence.  Zaben v. Air Products & Chemicals, Inc., 129 F.3d 1453, 1455-57 (11th Cir.

10

1997).

Finally, despite Robinson's assertion that the court should consider the failure to promote and the demotion as evidence of a hostile environment, those claims fail. As discussed above, Robinson could not show that either decision was motivated by race.

## III. Conclusion

For the foregoing reasons, we **AFFIRM** the district court.